UNITED STATES of America,
Plaintiff,

v.

Jeffrey Alan CLARK, Defendant.

No. CR 99–3001–MWB.

United States District Court,
N.D. Iowa,
Western Division.

Dec. 23, 1999.

Peter Deegan, Assistant United States Attorney, Sioux City, IA, for United States.

Jana Miner, Assistant Federal Defender, Sioux City, IA, for defendant Jeffrey Alan Clark.

**MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE BASED ON U.S.S.G. § 1B1.8 DISPARITY**

BENNETT, Chief Judge.

This matter comes before the court following the sentencing of defendant Jeffrey Alan Clark on December 22, 1999. Defendant Clark sought a downward departure based on a disparity between the Northern and Southern Districts of Iowa in the availability to cooperating defendants of use immunity within the scope of U.S.S.G. § 1B1.8 protection. The court granted such a downward departure in the course of the sentencing hearing and now memorializes its rationale.

The court recently considered the issue of its authority to grant such a downward departure in a consolidated ruling in four cases, including *United States v. Ringis*, No. CR 98–3016–MWB, 1999 WL 1296094 (N.D.Iowa Dec. 16, 1999) (publication pending). The government and the defendant here adopted the arguments of the respective parties in those cases, and the court adopts here the evidentiary record developed in the consolidated hearing on those cases.

The court finds that defendant Clark's case presents the paradigm circumstance in which this court opined in *Ringis, et al.*, that it would have the authority to grant such a downward departure, because, as a direct result of the government's denial of § 1B1.8 protection, Clark has suffered prejudice that is significant enough to take his case out of the heartland. *See Ringis*, slip op. at 50–53 & 57 (citing *United States v. Jones*, 160 F.3d 473, 483 (8th Cir.1998)). Clark contended that, as a result of his unprotected disclosures, his base offense level rose from 28 to 36, which this court finds is clearly significant prejudice to Clark. The government conceded that Clark's offense level rose as the result of his debriefing, and the government failed to present any evidence that the increase in Clark's base offense level could be attributed to information from some independent source. Thus, the prejudice to Clark is a direct result of the government's denial of § 1B1.8 protection.

Therefore, adopting the reasoning of *Ringis*, in its entirety, as if set out in full herein, this court concludes that it has the authority to grant a downward departure on the basis of the denial of use immunity within the scope of § 1B1.8 protection where defendant Clark has suffered such significant prejudice, as the direct result of the government's conduct, that it takes his case out of the heartland of the guidelines. Furthermore, the court finds that, as a matter of fact and discretion, such a downward departure is warranted in Clark's case, based on the record presented at his sentencing hearing.

Therefore, the court confirms that Clark's motion for a downward departure to base offense level 28 on the basis of a disparity between the Northern and Southern Districts of Iowa in the availability to cooperating defendants of use immunity within the scope of U.S.S.G. § 1B1.8 protection is **granted.** Further reductions, as indicated in the record of the sentencing hearing held December 22, 1999, were consequently made from a base offense level of 28.

**IT IS SO ORDERED.**